1  LINDSEY M. ROMANO  (SBN:  337600)
   GORDON REES SCULLY MANSUKHANI, LLP
2  275 Battery Street, Suite 2000
   San Francisco, CA 94111
3  Telephone:  (415) 875-4126
   Facsimile:  (415) 986-8054
4  lromano@grsm.com

5  Attorneys for Defendants
   CALIFORNIA FORENSIC MEDICAL GROUP, INC.;
6  WELLPATH MANAGEMENT, INC.; WELLPATH LLC;
   TRACY LEWIS, L.M.F.T.; PAM JOHANSEN, L.C.S.W.;
7  and DANIEL DELLWO, P.A.

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 JOHN ADENA, Deceased, by and through his Co-      ) CASE NO. 2:21-cv-00770-MCE-DMC
   Successors in Interest, CIRCE ADENA and          )
12 RICHARD ADENA; CIRCE ADENA, Individually,        ) **CALIFORNIA FORENSIC**
   and RICHARD ADENA, Individually,                 ) **MEDICAL GROUP, INC.,**
13                                                   ) **WELLPATH MANAGEMENT,**
                              Plaintiffs,            ) **INC., WELLPATH LLC, TRACY**
14                                                   ) **LEWIS, L.M.F.T., PAM**
              vs.                                    ) **JOHANSEN, L.C.S.W., and**
15                                                   ) **DANIEL DELLWO, P.A's**
   SHASTA COUNTY, a public entity; SHASTA           ) **MOTION TO DISMISS**
16 COUNTY SHERIFF-CORONER TOM BOSENKO,              )
   in his individual capacity; CAPTAIN DAVE KENT;   ) Complaint filed:  August 11, 2023
17 SHASTA COUNTY JAIL DEPUTIES KIRK                 )
   SCHRITTER, DEVIN HURTE, DEPUTY DIAZ,             ) Date:   December 13, 2023
18 EMMANUAL ALCAZAR, ZACHARY                        ) Time:  10:00am
   JURKIEWICZ, JOSEPH GRADY, NATHANIAL              ) Dept.:  304, 3rd floor
19 NEVES, HECTOR CORTEZ; CALIFORNIA                 ) Judge: Hon. Judge Dennis M. Cota
   FORENSIC MEDICAL GROUP, INC., a California       )
20 Corporation; WELLPATH MANAGEMENT, INC.,          )
   a Delaware Corporation; WELLPATH LLC, a          )
21 Delaware Limited Liability Company; TRACY        )
   LEWIS, L.M.F.T.; PAM JOHANSEN, L.C.S.W.;         )
22 DANIEL DELLWO, P.A.; and DOES 1–20;              )
   individually, jointly and severally,             )
23                                                   )
                              Defendants.            )
24 _____ )

25

26

27

28

CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC,
TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS
CASE NO. 2:21-cv-00770-MCE-DMC

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

(83004281.4)

**TO ALL PARITES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on December 13, 2023, in the above-entitled Court located at 2986 Bechelli Lane, Redding, California in Courtroom 304, 3rd floor, at 10:00 a.m. or as soon as thereafter as the matter may be heard, Counsel for Defendant Wellpath, LLC, Wellpath Management, Inc, California Forensic Medical Group Traci Lewis, Pam Johansen, and Daniel Dellwo (the Wellpath Defendants) will bring for hearing their Motion to Dismiss each of Plaintiffs' causes of action against them, including for 1) Right to be free from excessive and unreasonable force under 42 U.S.C. § 1983; 2) Deliberate indifference under 42 U.S.C. § 1983; 3) Right to familial association under 42 U.S.C. § 1983; 4) *Monell* claim under 42 U.S.C. § 1983; and 5) Violations of Civil Code § 52.1, for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

In support of this motion, the Wellpath Defendants rely upon and incorporate by reference this Notice of Motion, accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action as set forth in the Court's electronic filing system (ECF), and any oral and documentary evidence as may be presented at the time of this hearing.

This Motion is based on Plaintiffs' failure to allege sufficient facts in support of the following causes of action:

First Claim – 42 U.S.C. § 1983

Second Claim – *Monell* 42 U.S.C. § 1983

Third Claim – Violation of Civil Code § 52.1

///
///
///
///
///
///
///
///

CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS
CASE NO. 2:21-cv-00770-MCE-DMC

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

(83004281.4)

1    As such, the above causes of action should be dismissed without leave to amend pursuant

2    to Federal Rule of Civil Procedure 12(b)(6).

3    Dated:  October 31, 2023                    GORDON REES SCULLY MANSUKHANI,
                                                  LLP
4

5                                          By:    */s/ Lindsey M. Romano*
                                                  Lindsey M. Romano
6                                                 Attorneys for Defendants
                                                  CALIFORNIA FORENSIC MEDICAL
7                                                 GROUP, INC.; WELLPATH
                                                  MANAGEMENT, INC.; WELLPATH
8                                                 LLC; TRACY LEWIS, L.M.F.T.; PAM
                                                  JOHANSEN, L.C.S.W.; AND DANIEL
9                                                 DELLWO, P.A.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(83004281.4)

-3-

CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC,
TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS
CASE NO. 2:21-cv-00770-MCE-DMC

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION AND BACKGROUND ........................................................ 1

II.  STANDARD FOR MOTION TO DISMISS ................................................... 2

III.  STATEMENT OF RELEVANT FACTS ....................................................... 3

IV.  LEGAL ARGUMENT ................................................................................ 5

    A.  Plaintiff failed to state a claim against Traci Lewis, Pam Johansen, and Daniel Dellwo for the right to be free from excessive and unreasonable force under 42 U.S.C. § 1983. ....................................... 5

    B.  Plaintiffs have failed to state a claim against Traci Lewis, Pam Johansen, and Daniel Dellwo for deliberate indifference. .......................... 6

    C.  Plaintiffs failed to state a claim against Traci Lewis, Pam Johansen, and Daniel Dellwo for loss of familial association. ........................................ 9

    D.  Plaintiff failed to state a *Monell* claim against Wellpath LLC, Wellpath Management, Inc. and CFMG. ........................................... 11

    E.  Plaintiffs fail to state a claim against Traci Lewis, Pam Johansen, Daniel Dellwo, and Wellpath under Civil Code § 52.1. ............................. 13

V.  CONCLUSION ........................................................................................ 14

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

(83004281.4)

CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS CASE NO. 2:21-cv-00770-MCE-DMC

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

*Anderson v. Cnty. of Fresno*,
    No. 121CV01134ADASAB, 2023 WL 2761168, (E.D. Cal. Ar. 3, 2023)...............................3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................2

*Atayde v. Napa State Hosp.*,
    255 F. Supp. 3d 978 (E.D. Cal. 2017)................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 554 (2007)..............................................................................................................2

*Block v. Rutherford*,
    468 U.S. 576, 104 S. Ct. 3227, 82 L. Ed. 2d 438 (1984)....................................................6

*Castro v. Cnty. Of Los Angeles*,
    833 F. 3d 1060 (9th Cir. 2016) ...............................................................................6, 7, 8, 13

*Connick v. Thompson*,
    563 U.S. 51 (2011)..............................................................................................................11

*Egberto v. Nevada Dep't of Corr.*,
    678 F. App'x 500 (9th Cir. 2017) .......................................................................................7

*Ervin v. Jones*,
    No. 219CV01883KJMCKDPS, 2020 WL 4350137 (E.D. Cal. July 29, 2020)........................3

*Estelle v. Gamble*,
    429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) ..........................................................3

*Garcia v. Cnty. of Napa*,
    No. 21-CV-03519-HSG, 2022 WL 110650 (N.D. Cal. Jan 12, 2022)................................9, 10

*Gordon v. Cnty. of Orange*,
    888 F.3d 1118 (9th Cir. 2018) .............................................................................................8

*Graham v. Connor*,
    490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)...............................................5, 6

*Haington v. Multnomah County*,
    593 F. Supp. 3d 1022 (D. Or. 2022) ...................................................................................10

*Howe v. Yellowbook, USA*,
    840 F. Supp. 2d 970 (2007) ..............................................................................................2, 6

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-ii-

(83004281.4)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

*Jett v. Penner*,
    439 F.3d 1091 (9th Cir. 2006) ....................................................................6

*Jones v. Community Redevelopment Agency*,
    733 F.2d 646 (9th Cir. 1984) ..................................................................2, 3

*Kingsley v. Hendrickson*,
    576 U.S. 389, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015)........................6

*Lehr v. Robertson*,
    463 U.S. 248 (1983)..................................................................................10

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
    369 F.3d 464 (5th Cir. 2004) .....................................................................2

*McFarland v. City of Clovis*,
    163 F. Supp. 3d 798 (E.D. Cal. 2016).....................................................13

*Monell v. N.Y. City Dep't of Social Servs.*,
    463 U.S. 658 (1978)......................................................................11, 12, 13

*Sanchez v. Vild*,
    891 F.2d 240 (9th Cir. 1989) .....................................................................9

*Scalia v. Cnty. of Kern*,
    493 F. Supp. 3d 890,899 (E.D. Cal. 2019)................................................8

*Schwartz v. Lassen Cnty. ex rel. Lassen Cnty. Jail*,
    No 2:10-CV-03048-MCE, 2013 WL 5375588 (E.D. Cal. Sept. 24, 2013) ...............11

*Spengler v. TTCF Eye Clinic*,
    No. 220CV06892DOCSP, 2023 WL 4670127 (C.D. Cal. May 31, 2023)................9

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ...................................................................2

*Toguchi v. Chung*,
    391 F.3d 1051 (9th Cir. 2004) ...................................................................9

*Trevino v. Gates*,
    99 F.3d 911 (9th Cir. 1996) .....................................................................11

*Trujillo v. California Forensic Med. Grp.*,
    No. EDCV202131JGBSHKX, 2021 WL 4803484, (C.D. Cal. July 8, 2021) ..............3

*Tsao v. Desert Palace, Inc.*,
    698 F. 3d 1128 (9th Cir. 2012) ................................................................12

*Wheeler v. City of Santa Clara*,
    894 F. 3d 1046 (9th Cir. 2018) ................................................................10

-iii-

(83004281.4)

1

**Statutes**

42 U.S.C. § 1983 ................................................................................................ *passim*

Civ. Code § 52.1 ...................................................................................................1, 13

**Court Rules**

Fed. R. Civ. P. 8 ........................................................................................................2

Fed. R. Civ. P. 12(b)(6) ..............................................................................................2

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(83004281.4)

-iv-

CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS CASE NO. 2:21-cv-00770-MCE-DMC

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND BACKGROUND

Wellpath LLC is a managed services organization that partners with local and state health care providers to deliver medical and mental health services in correctional facilities, inpatient and residential treatment facilities, forensic treatment facilities, and civil commitment centers. In California, Wellpath contracts with California Forensic Medical Group (CFMG). It is CFMG, a wholly physician-owned organization, which provides healthcare services at the Shasta County Jail.  The mission is to provide access to quality healthcare services to a historically underserved population; many patients in correctional settings have experienced trauma, poor living conditions, or suffered from serious mental illnesses that adversely impact their lives and well-being. Wellpath works cooperatively with its healthcare provider partners to deliver care to patients. As a managed services organization, Wellpath's primary role in the delivery of healthcare services at these facilities is non-clinical—in other words, its healthcare partners provide on-site clinical medical and mental healthcare to patients.

On August 11, 2023, John Adena, deceased, by and through his Co-Successors in Interest Circe and Richard Adena, and Circe and Richard Adena, individually, filed a First Amended Complaint against Defendants Shasta County, Shasta County Sheriff-Coroner Tom Bosenkno, Captain Dave Kent, Kirk Schritter, Devin Hurte, Deputy Diaz, Emmanual Alcazar, Zachary Jurkiewicz, Joseph Grady, Nathanial Neves, Hector Cortez, California Forensic Medical Group, Inc, Wellpath Management, Inc., Wellpath LLC, Tracy Lewis, Pam Johansen, Daniel Dellwo, and DOES 1-20. [Dkt. 38]. Wellpath Inc. was dismissed without prejudice on August 11, 2023. [Dkt. 37]. Plaintiffs Circe and Richard Adena are the parents of Decedent John Adena. In the Amended Complaint, Plaintiffs assert multiple state and federal claims against Defendants, including civil and constitutional rights violations arising under Title 42 U.S.C. § 1983 and California Civil Code § 52.1, all arising out of Mr. Adena's death while he was incarcerated at Shasta County Jail. Plaintiffs allege, among other things, that Defendants failed to provide Mr. Adena with sufficient mental health and medical treatment, thereby disregarding his safety and putting him at substantial risk of serious harm.

-1-

(83004281.4)

The Wellpath Defendants now move to dismiss Plaintiffs' claims against them for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiffs have failed to allege sufficient facts to support these claims, they should be dismissed.

## II.     STANDARD FOR MOTION TO DISMISS

For a pleading to withstand a Rule 12(b)(6) motion to dismiss, it must include "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (2007). Conclusory allegations and unwarranted inferences are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, "[L]egal conclusion[s] couched as factual allegation[s]" do not need to be accepted as true by the court. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Moreover, the plaintiff must allege, with at least some degree of particularity, overt acts which defendants engaged in that support plaintiff's claim. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of will not do." *Twombly*, 550 U.S. at 555.

The Ninth Circuit Court of Appeals has held that two principles apply when determining the sufficiency of a complaint. First, only allegations of underlying fact that are "sufficient to give fair notice and to enable the opposing party to defend itself effectively" are entitled to a presumption of truth. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The allegations may not simply recite the elements of the claim asserted. *Id*. Second, even factual allegations accepted as true have to make a plausible case that the plaintiff is entitled to relief, to justify requiring the opposing party to be subjected to the expense of discovery and litigation. *Id*. The plaintiff must therefore allege, with at least some degree of particularity, overt acts which defendants engaged in that support the plaintiff's claim. *Jones*, 733 F.2d at 649. If a plaintiff fails to meet the above requirements, the complaint must be dismissed.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-

C ALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS
CASE NO. 2:21-cv-00770-MCE-DMC

In the deliberate indifference context, California District Courts have held that a complaint must contain specific factual allegations regarding actions or inactions taken by each medical provider to support the claim against them. *Anderson v. Cnty. of Fresno*, No. 121CV01134ADASAB, 2023 WL 2761168, at *31 (E.D. Cal. Ar. 3, 2023). A plaintiff must allege facts demonstrating that the medical provider made some intentional decision regarding the plaintiff's medical treatment. *Ervin v. Jones*, No. 219CV01883KJMCKDPS, 2020 WL 4350137, at *3 (E.D. Cal. July 29, 2020). Boilerplate recitations of the elements of a Section 1983 claim, or conclusory statements that the provider failed to provide sufficient medical care are insufficient to state a claim. *Id*; *Trujillo v. California Forensic Med. Grp.*, No. EDCV202131JGBSHKX, 2021 WL 4803484, at *3 (C.D. Cal. July 8, 2021). Further, factual allegations demonstrating that the medical provider was merely negligent in diagnosing or treating a medical need are insufficient to support a claim of deliberate indifference, as it is well-established that medical negligence does not become a constitutional violation simply because the patient is incarcerated. *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 990 (E.D. Cal. 2017); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976).

## III.     STATEMENT OF RELEVANT FACTS

In the Amended Complaint, Plaintiffs allege that on August 21, 2019 Mr. Adena was arrested and booked into Shasta County Jail as a pretrial detainee. [Doc 38, ¶ 29]. Plaintiffs allege that during his arrest Mr. Adena was non-compliant with the deputies, and they tased him. [Id]. Deputies took Mr. Adena to the local hospital, where he was medically cleared before his arrival at Shasta County Jail. [Id]. Mr. Adena was placed in a holding cell, where allegedly a fight erupted between the inmates. [Doc 38, ¶ 32]. Plaintiffs allege that deputies used force in order to control Mr. Adena because he was ignoring commands. [Id]. Plaintiffs repeatedly allege that jail deputies used excessive force on Mr. Adena. [Doc 38, ¶ 35, 42, 45]. Plaintiffs allege that Mr. Adena suffered from mental health problems, but do not state what specific problems or conditions he suffered from. Plaintiffs allege that the Wellpath Defendants placed Mr. Adena in a safety cell for monitoring but failed to provide a treatment plan. [Doc 38, ¶ 55]. Plaintiffs allege that on September 22, 2019 Mr. Adena died in the arms of jail deputies while being transported to medical.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

C ALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS CASE NO. 2:21-cv-00770-MCE-DMC

[Doc 38, ¶ 69, 70, 71].

All of Plaintiffs' causes of action against the Wellpath Defendants appear to be based on allegations regarding the actions of the jail deputies. The Amended Complaint is clear that Traci Lewis, Pam Johansen, and Daniel Dellwo took care of Mr. Adena during his incarceration; specifically, during the month prior to his death, the Wellpath Defendants assessed his mental health and medical needs at least fifteen times. [Doc 38, ¶ 34, 38, 39, 40, 41, 48, 49, 52, 55, 57, 58, 61, 62, 64, 66].

Plaintiffs' allegations against the Wellpath Defendants are limited. There are virtually no allegations against the corporate entities, Wellpath, LLC, Wellpath Management, Inc., or CFMG, other than that they are corporate entities and that they employed the individual healthcare providers. [Dkt. 38, ¶ 17, 76, 77, 78, 79]. The allegations against the individual providers show that they repeatedly evaluated Mr. Adena and addressed his medical and mental health needs. On August 26, 2019, Mr. Adena was taken to medical for an evaluation by Defendant Daniel Dellwo, PA to learn more about his physical and mental state. [Doc 38, ¶ 41]. While Dellwo attempted to treat Mr. Adena, it became impossible because he allegedly stated "I don't need any fucking [mental health] meds" and then tried to run out of the exam room. [Id]. Plaintiffs then allege that the jail deputies used unnecessary force while taking Mr. Adena back to his room. [Doc 38, ¶ 42, 43, 45]. There are no allegations that Mr. Dellwo or the Wellpath Defendants were involved in any use of force towards Mr. Adena. Moreover, Plaintiffs allege that jail deputies failed to report any medical or mental health concerns to medical. [Id].

Plaintiffs allege that on September 16, 2019, Mr. Adena was taken to the Shasta Regional Medical Center emergency room for a head injury. [Doc 38, ¶ 47]. Mr. Adena maintained that he fell off the top bunk when questioned in the emergency room. [Id]. Plaintiffs once again allege that Mr. Adena was seen by the Wellpath Defendants on multiple occasions following this visit to the emergency room. [Doc 38, ¶ 48, 49]. Despite Mr. Adena's insistence that the head-injury was the result of a fall from his bunk, the Amended Complaint specifically alleges that Mr. Dellwo determined that it may be a result of self-harm and recommended Mr. Adena be placed in a safety cell. [Id].

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-4-

CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS CASE NO. 2:21-cv-00770-MCE-DMC

1      While in the safety cell, Mr. Adena received daily checks by medical staff on September

2  17, September 18, September 19, September 20, and September 21. [Doc 38, ¶ 52, 55, 57, 58, 61,

3  62, 64, 66]. On September 16, 2023, Mr. Adena was evaluated by Dr. Stancil, who noted in his

4  September 19, 2023 report that he could be suffering from paranoia. [Dkt. 38, ¶ 57]. Dr. Stancil

5  requested that Defendant Dellwo perform a follow up visit, which was completed the following

6  day. [Dkt. 38, ¶ 57, 61]. Unfortunately, at his September 22 check, Mr. Adena was found lying on

7  his side with a foam substance coming out of his mouth.  [Doc 38, ¶ 67]. Mr. Adena passed away

8  the same day. [Id]. There are no allegations that the Wellpath Defendants were ever informed of

9  any further medical or mental health issues—either by Mr. Adena or by custody—between the

10  time he was placed in a safety cell and the time he died.

11      Plaintiffs base all of their claims for relief against the Wellpath Defendants solely on the

12  limited factual allegations outlined above. For the reasons discussed below, these allegations are

13  entirely insufficient to support any of Plaintiffs' claims against Traci Lewis, Pam Johansen, Daniel

14  Dellwo, and the corporate defendants, and therefore all should be dismissed.

15  **IV.    LEGAL ARGUMENT**

16      **A.    Plaintiff failed to state a claim against Traci Lewis, Pam Johansen, and Daniel**

17          **Dellwo for the right to be free from excessive and unreasonable force under 42**

18          **U.S.C. § 1983.**

19      "In addressing an excessive force claim brought under § 1983, analysis begins by

20  identifying the specific constitutional right allegedly infringed by the challenged application of

21  force." *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989).

22  Next, the "validity of the claim must then be judged by reference to the specific constitutional

23  standard which governs that right," not a generalized excessive and unreasonable force standard.

24  *Id*. The appropriate standard for a claim brought by a pretrial detainee is an objective one. *Kingsley*

25  *v. Hendrickson*, 576 U.S. 389, 397, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015). "[A] pretrial

26  detainee can prevail by providing only objective evidence that the challenged governmental action

27  is not rationally related to a legitimate governmental objective or that it is excessive in relation to

28  that purpose." *Id*. (citing *Block v. Rutherford*, 468 U.S. 576, 585-586, 104 S. Ct. 3227, 82 L. Ed.

-5-

2d 438 (1984)).

To prove an excessive and unreasonable force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Castro v. Cnty. Of Los Angeles*, 833 F. 3d 1060, 1069 (9th Cir. 2016). Further, an excessive force claim requires an affirmative act. *Id*. As summarized above, Plaintiffs do not allege any facts indicating that any Wellpath Defendants acted with excessive and unreasonable force. Instead, Plaintiffs attempt to conflate the alleged actions of the jail deputies in order to create a claim against the Wellpath Defendants. Indeed, is unclear from the Amended Complaint which claims are alleged specifically towards the Wellpath Defendants. As stated above, a plaintiff must provide objective evidence in order to succeed on a claim of excessive and unreasonable force. A pleading needs to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (2007).  Plaintiffs allege force used by jail deputies. [Dkt. 38, ¶ 32]. However, the Amended Complaint contains no specific allegations towards any of the Wellpath Defendants regarding the use of excessive force.

For all of the above reasons, Plaintiffs failed to allege sufficient facts to state a claim for excessive and unreasonable force again Traci Lewis, Pam Johansen and Daniel Dellwo, and the claim against each of them should be dismissed.

**B.    Plaintiffs have failed to state a claim against Traci Lewis, Pam Johansen, and Daniel Dellwo for deliberate indifference.**

To succeed under a 42 U.S.C § 1983 claim based on an inmate's medical treatment, a plaintiff must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Medical care claims brought by pretrial detainees within in the Ninth Circuit arise under the Fourteenth Amendment's Due Process Clause. *Castro*, 833 F. 3d at 1069-70.

A deliberate indifference claim contains two elements. First, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Egberto v. Nevada Dep't of Corr.*, 678 F. App'x 500, 503 (9th Cir. 2017). Further, the Ninth Circuit has held that there

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-6-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

are three situations that constitute a serious medical need: "(1) [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; or (3) the existence of chronic and substantial pain." *Id*. In this case, Plaintiffs do not allege any facts that indicate Mr. Adena informed Defendants Lewis, Johansen, or Dellwo of any mental health problems or other serious medical needs during his initial medical assessments. Plaintiffs allege generally that Mr. Adena was showing signs of mental illness and therefore medical staff should have known he was a risk to himself. [Dkt. 38, ¶ 34, 35]. Further, Plaintiffs do not state what mental illness Mr. Adena was suffering from or what specific symptoms he was exhibiting other than "paranoia inconsistent with his typical personality and behavior." [Dkt. 38, ¶ 27]. Instead Plaintiffs allege generally that Mr. Adena continued to show "signs and symptoms of mental illness," and that he "began acting strangely and erratically." [Dkt. 38, ¶ 27, 35, 37]. Plaintiffs have therefore failed to establish that Mr. Adena was suffering from a serious medical need.

Once a serious medical need has been established, a plaintiff must also show that the defendant was indifferent to those serious medical needs. In the Ninth Circuit, claims for deliberate indifference brought by a pretrial detainee under the Fourteenth Amendment are evaluated under an objective indifference standard. *Castro*, 833 F. 3d at 1070. The plaintiff must meet the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Castro*, 833 F. 3d at 1071. However, "the mere lack of due care," or "[a]n inadvertent failure to provide adequate medical care does not, by itself, state a deliberate indifference claim

-7-

(83004281.4)

for § 1983 purposes." *Scalia v. Cnty. of Kern*,493 F. Supp. 3d 890,899 (E.D. Cal. 2019) (internal citations omitted). The plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Plaintiffs further allege that the Wellpath Defendants were deliberately indifferent to "Mr. Adena's rights, safety and well-being."[Dkt. 38, ¶ 85]. Plaintiffs assert nothing more than boilerplate conclusory allegations that the individual providers were deliberately indifferent or acted with reckless disregard, in blatant contradiction to the actual facts alleged.

Specifically, Plaintiffs' factual allegations against Lewis, Johansen and Dellwo reveal the consistent and high level of care they provided to Mr. Adena. Within his second day at the jail, Mr. Adena was evaluated by a Wellpath nurse. [Dkt. 38, ¶ 34]. Defendant Lewis called Plaintiffs to learn more about Mr. Adena's medical history, where she was informed that he did not have a history of mental health problems but he was exhibiting some kind of unknown symptoms after he lost his job. [Dkt. 38, ¶ 37]. Plaintiffs further allege that Mr. Adena was then evaluated by Defendant Johansen and Dellwo, both times he did not provide them with information about his mental health. [Dkt. 38, ¶ 38, 41]. Plaintiffs expressly admit that Mr. Adena rejected medication and ran out of the examination room. [Dkt. 38, ¶ 41, 42]. Plaintiffs do not allege that Mr. Adena informed Defendants Lewis, Johansen and Dellwo that he was suicidal. Even still, despite not having a formal mental health diagnosis, and despite rejecting medication, and despite telling Mr. Dellwo that his head injury was the result of a fall, the Amended Complaint specifically alleges that Mr. Dellwo placed Mr. Adena in a safety cell out of concern that his injuries might be from self-harm. [Dkt. 38, ¶ 49]. The facts alleged therefore, do not demonstrate that any provider was objectively unreasonable in their treatment of Mr. Adena. The allegations do not even rise to the level of alleging mere negligence or a lack of due care. Indeed, the only facts Plaintiffs allege that are attributable to Lewis, Johansen and Dellwo are their multiple assessments of Mr. Adena, and their ultimate decision to place him in a safety cell despite his admitted denials of self-harm.

In addition, Plaintiffs continue to conflate the acts of the County in order to make a claim against Lewis, Johansen, and Dellwo. To the extent Plaintiffs allege that the Wellpath Defendants should have spoken to Mr. Adena without deputies around or conduct more detailed assessments,

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-8-

(83004281.4)

1   this constitutes nothing more than a disagreement over the quality and course of treatment. The

2   Ninth Circuit has consistently held that such disagreements do not constitute deliberate

3   indifference. *See e.g., Sanchez v. Vild,* 891 F.2d 240 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d

4   1051 (9th Cir. 2004); *Spengler v. TTCF Eye Clinic*, No. 220CV06892DOCSP, 2023 WL 4670127,

5   at *5 (C.D. Cal. May 31, 2023).

6       For all the above reasons, Plaintiffs failed to allege sufficient facts to state a claim for

7   deliberate indifference against Traci Lewis, Pam Johansen, and Daniel Dellwo, and the claim

8   against each of them should be dismissed.

9       **C.**    **Plaintiffs failed to state a claim against Traci Lewis, Pam Johansen, and Daniel**

10           **Dellwo for loss of familial association.**

11       Plaintiffs assert a claim for loss of familial association, based on the alleged loss of the

12   relationship between Mr. Adena and Plaintiffs, his parents. This claim is not supported by

13   sufficient factual allegations in the Amended Complaint. Plaintiffs make conclusory statements

14   which do not meet the required elements of the claim. Therefore, this claim should be dismissed.

15       "[] A plaintiff's interest in bringing claims for loss of familial association is based on their

16   relationship with the decedent." *Garcia v. Cnty. of Napa*, No. 21-CV-03519-HSG, 2022 WL

17   110650, at *3 (N.D. Cal. Jan 12, 2022). "Judicially enforceable Fourteenth Amendment interests

18   require enduring relationships reflecting an assumption of parental responsibility and 'stem [] from

19   the emotional attachments that derive from the intimacy of daily association, and from the role it

20   plays in promoting a way of life through the instruction of children.'" *Wheeler v. City of Santa*

21   *Clara*, 894 F. 3d 1046, 1057-58 (9th Cir. 2018) (quoting *Lehr v. Robertson*, 463 U.S. 248, 256-61

22   (1983)).

23       For example, in *Garcia v. Cnty. of Napa*, the family members of the decedent detailed the

24   loving relationship the decedent had with his family members. *Garcia* at *4. In the complaint, the

25   family detailed the length of time that they had been a family, and what the decedent specifically

26   provided to his children, such as financial and emotional support. *Garcia* at *4. Ultimately, the

27   court held that the family members of the decedent pled enough facts to establish the "intimate

28   association" requirement. *Garcia* at *4. In this case, Plaintiffs fail to provide any factual detail

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

C ALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC,
TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS
CASE NO. 2:21-cv-00770-MCE-DMC

describing the nature of the relationship with Mr. Adena, aside from the fact that he "had a close relationship with his parents." [Dkt. 38, ¶ 27]. Plaintiffs' Amended Complaint contains no facts which show an intimate or daily association.

In the alternative, even if Plaintiffs had alleged sufficient facts to show an intimate association existed between Plaintiffs and Mr. Adena, they failed to allege any facts showing the egregious conduct on the part of the Wellpath Defendants, which is required to maintain this claim. "To prevail on loss of familial association under the Fourteenth Amendment, family members must show that defendants engaged in behavior so egregious, so outrageous that it may fairly be said to shock the contemporary conscience under an objective deliberate indifference standard." *Haington v. Multnomah County*, 593 F. Supp. 3d 1022, 1043 (D. Or. 2022). Even if Plaintiffs purport to assert this claim against the Wellpath Defendants, Plaintiffs allege egregious acts by the County. [Dkt. 38, ¶ 84, 92]. However, Plaintiffs fail to plead factual details against any of the Wellpath Defendants, which would show that they engaged in any sort of "egregious" or "outrageous" behavior as to "shock the conscience." Instead, as stated above, Plaintiffs list numerous times the Wellpath Defendants evaluated and treated Mr. Adena. Plaintiffs cannot base their loss of familial association claim against the Wellpath Defendants on allegations regarding the County's conduct.

Further, "[w]here a claim for interference with familial relationships is integrally predicated upon, or entwined with, other conduct that is alleged to be unconstitutional, a finding that the other conduct was constitutional generally will preclude recovery for interference with familial relationship." *Schwartz v. Lassen Cnty. ex rel. Lassen Cnty. Jail*, No 2:10-CV-03048-MCE, 2013 WL 5375588, at *6 (E.D. Cal. Sept. 24, 2013). In the instant case, Plaintiffs loss of familial association claim appears to be predicated on their claims of excessive force and deliberate indifference. For the reasons outlined above, Plaintiffs failed to allege sufficient facts showing excessive force or deliberate indifference on the part of the Wellpath Defendants. Therefore, Plaintiffs' claim for loss of familial association regarding the same conduct also fails. Accordingly, Plaintiffs' claim should be dismissed with prejudice.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

(83004281.4)

1

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

    **D.**      **Plaintiff failed to state a *Monell* claim against Wellpath LLC, Wellpath**

2                **Management, Inc. and CFMG.**

3        Plaintiffs lump corporate defendants Wellpath LLC, Wellpath Management, Inc., and

4 CFMG together in their Amended Complaint, inaccurately referring to them collectively as

5 "Wellpath." [Dkt. 38, ¶ 17]. It is unclear form the Amended Complaint which of the corporate

6 defendants they attempt to hold liable under Section 1983 based on a policymaking theory.

7 However, this theory of liability fails as a matter of law against any and all of the corporate

8 defendants. Since there is no vicarious liability under Section 1983, governments and their

9 contractors can be held liable only if they cause a person to be subjected to a deprivation of their

10 constitutional rights. *Monell v. N.Y. City Dep't of Social Servs.*, 463 U.S. 658, 691-92 (1978). To

11 be successful under a *Monell* claim, a plaintiff must show the existence of policies, customs,

12 practice and/or procedures that violate constitutionally protected rights. *Connick v. Thompson*, 563

13 U.S. 51, 60-61 (2011). If there is no formal policy, a plaintiff must show a "longstanding practice

14 or custom which constitutes the standard operating procedure of the local government entity."

15 *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

16        In this case, Plaintiffs do not allege that any of the corporate defendants had any formal

17 policy that violated Mr. Adena's constitutional rights. Instead, they allege that "Wellpath" had a

18 practice or custom of allowing inadequate and incompetent medical and mental health care, to

19 provide no treatment plans, and to cover up violations of constitutional rights. [Dkt. 38, ¶ 98].

20 Plaintiffs allege no facts in support of these conclusory allegations. Plaintiffs also do not allege

21 how these supposed practices and customs impacted Mr. Adena's care specifically. Instead,

22 Plaintiffs simply list all the times patient was evaluated and treated by medical staff. [Doc 38, ¶

23 34, 38, 39, 40, 41, 48, 49, 52, 55, 57, 58, 61, 62, 64, 66]. Plaintiffs fail to allege any facts

24 demonstrating that the corporate defendants had a longstanding custom or practice that violated

25 inmates' constitutional rights, let alone Mr. Adena's rights.

26        Once again, Plaintiffs allegations seem to focus more on the alleged policies of the County.

27 Plaintiffs fail to allege that the corporate defendants had any bearing on County policies. Again,

28 Plaintiffs improperly attempt to conflate the allegations against the County in order to establish a

claim against the corporate defendants.

Plaintiffs generally allege that "Wellpath" failed to have the necessary and appropriate policies—without identifying which corporate defendant, if any, was responsible, if at all, for policymaking at the jail. [Dkt. 38, ¶ 98]. When confronted with an alleged absence of sufficient policies, the Ninth Circuit has held that plaintiffs must meet a much higher standard to support a *Monell* claim:

> To establish that there is a policy based on a failure to preserve constitutional rights, a plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the plaintiff's constitutional right[,] and that the policy caused the violation, in the sense that the [municipality] could have prevented the violation with an appropriate policy. The Supreme Court has explained that these heightened requirements for establishing responsibility for a policy of omission are necessary to avoid imposing respondeat superior liability, which would run afoul of *Monell*. After all, when a municipal employee commits a constitutional tort, it could always be alleged that the municipality failed to enact a policy that would have prevented the tort.

*Tsao v. Desert Palace, Inc.*, 698 F. 3d 1128, 1143-44 (9th Cir. 2012).

Plaintiffs' *Monell* claim under this heightened standard fails for many reasons. First, Plaintiffs fail to show how Mr. Adena suffered a constitutional violation. As outlined in detail above, Plaintiffs failed to allege any sufficient facts to show that the Wellpath Defendants were deliberately indifferent to Mr. Adena. Plaintiffs list all the times that the Wellpath Defendants treated Mr. Adena, but do not sufficiently allege how such treatments violated his constitutional rights.

Second, Plaintiffs' *Monell* claim fails because they have not alleged any facts to show that any policy or practice by the corporate defendants amounts to deliberate indifference. Plaintiffs must allege that the policy constitutes a constitutional violation, not just that the corporate defendants ratified the unconstitutional acts of its employees. Plaintiffs fail to meet this standard. Plaintiffs' allegations amount to nothing more than a disagreement about the course of Mr. Adena's care in the jail. [Dkt. 38, ¶ 38, 64]. The Ninth Circuit has made it clear that a showing of mere lack of due care, or a disagreement with a course of treatment, is not enough to support deliberate indifference. *Castro*, 833 F.3d at 1071. Plaintiffs' unhappiness with the care patient received is not sufficient to establish the reckless disregard or existence of a longstanding practice

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

C ALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS CASE NO. 2:21-cv-00770-MCE-DMC

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   or custom needed to support a claim of deliberate indifference against the corporate defendants.

2   For the above reasons, Plaintiffs' claim for *Monell* liability against Wellpath, LLC,

3   Wellpath Management, Inc., and CFMG u must be dismissed.

4   **E.      Plaintiffs fail to state a claim against Traci Lewis, Pam Johansen, Daniel**

5   **Dellwo, and Wellpath under Civil Code § 52.1.**

6   Lastly, Plaintiffs assert a claim of a violation of state civil rights against Traci Lewis, Pam

7   Johansen, Daniel Dellwo and Wellpath under § 52.1 of the California Civil Code. "The essence of

8   a § 52.1 claim is that the defendant, by the specified improper means (i.e., "threats, intimidation

9   or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to

10  do under the law or to force the plaintiff to do something that he or she was not required to do

11  under the law. *McFarland v. City of Clovis*, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016).Therefore,

12  there are two distinct elements for a § 52.1 claim: (1) intentional interference or attempted

13  interference with a state or federal constitutional or legal right, and (2) the interference or attempted

14  interference by threats, intimidation or coercion." Id. The facts as alleged by Plaintiffs do not

15  support a claim under § 52.1.

16  In the present case, Plaintiffs allege that the Wellpath Defendants acted in

17  "concert/conspiracy" by "threat, intimidation, and/or coercion" to interfere with Mr. Adena's right

18  to be free from excessive and unreasonable force, deliberate indifference, right to familial

19  association, right to enjoy and defend life, right to protection from bodily restraint, and the right

20  to emergency medical care. [Dkt. 38, ¶ 115]. Plaintiffs, as stated earlier, have not sufficiently pled

21  a claim of deliberate indifference, excessive and unreasonable force, or loss of familial association

22  against the Wellpath Defendants. Plaintiffs' simply make conclusory statements that the Wellpath

23  Defendants "acted in concert/conspiracy" with the County, without actually alleging any specific

24  conduct by the Wellpath Defendants in the Amended Complaint. Plaintiffs do not specifically

25  allege what mental illness Mr. Adena was suffering from, instead alleging that he recently started

26  to show unspecified "symptoms" that required services. [Dkt. 38, ¶ 37]. Plaintiffs' further fail to

27  allege any facts that the Wellpath Defendants intentionally interfered with Mr. Adena's right to

28  receive medical and mental health care. On the contrary, Plaintiffs list at least fifteen times that

-13-

CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS CASE NO. 2:21-cv-00770-MCE-DMC

Mr. Adena was evaluated and treated by the Wellpath Defendants during his 32 day incarceration. Finally, assuming that such interference with medical or mental health care was properly pled (it was not), Plaintiffs further fail to allege that any such interference was by improper means such as threats, intimidation, or coercion by any of the Wellpath Defendants. Plaintiff cannot use allegations regarding the actions of the County as the basis for a claim against the Wellpath Defendants. Plaintiffs have failed to plead the basic elements of this claim, and further failing to plead any sufficient facts to support this claim. Therefore, this claim should be dismissed.

## V.    CONCLUSION

For the reasons discussed above, Plaintiffs have failed to allege sufficient facts to support any of their claims against Traci Lewis, Pam Johansen, Daniel Dellwo, Wellpath, LLC, Wellpath, Inc., and CFMG. These claims should therefore be dismissed with prejudice, and without leave to amend.

Dated:  October 31, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By:  _/s/ Lindsey M. Romano_____
Lindsey M. Romano
Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL
GROUP, INC.; WELLPATH
MANAGEMENT, INC.; WELLPATH
LLC; TRACY LEWIS, L.M.F.T.; PAM
JOHANSEN, L.C.S.W.; AND DANIEL
DELLWO, P.A.

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

(83004281.4)

C ALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT, INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and DANIEL DELLWO, P.A's MOTION TO DISMISS CASE NO. 2:21-cv-00770-MCE-DMC

1

## <u>CERTIFICATE OF SERVICE</u>

2        I am a citizen of the United States of America, over the age of eighteen years, and not a party to the within action.  My business address is:  Gordon Rees Scully Mansukhani, LLP, 275
3   Battery Street, Suite 2000, San Francisco, CA 94111.  On the date below, I served the within documents:

4

**CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH MANAGEMENT,**
5   **INC., WELLPATH LLC, TRACY LEWIS, L.M.F.T., PAM JOHANSEN, L.C.S.W., and**
    **DANIEL DELLWO, P.A's MOTION TO DISMISS**

6

☐        by transmitting via facsimile the document(s) listed above to the fax number(s) set
7            forth below on this date before 5:00 p.m.

8   ☐        by personally delivering the document(s) listed above to the person(s) at the
            address(es) set forth below.

9   ☐        by placing the document(s) listed above in a sealed envelope with postage thereon
            fully prepaid, in United States mail in the State of California at San Francisco,
10           addressed as set forth below.

11  ☒        **BY ELECTRONIC TRANSMISSION**:  BY ELECTRONIC SERVICE through the
            CM/ECF System which automatically generates a Notice of Electronic Filing at the
12           time said document is filed to the email address(es) listed in the Electronic Mail
            Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3).

13

    Michael J. Haddad
14  Julia Sherwin
    Teresa Allen
15  **Haddad & Sherwin, LLP**
    505 Seventeenth Street
16  Oakland, CA  94612
    Telephone:  (510) 452-5500
17  Facsimile:  (510) 452-5510

18  *Attorneys for Plaintiffs Circe Adena and Richard Adena*

19        I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
20  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage
21  meter date is more than one day after the date of deposit for mailing in affidavit.

22        I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.
23

24        Executed on October 31, 2023 at San Francisco, California.

25                                        */s/  Mary Grogan*
                                         Mary Grogan
26

27

28

-15-

(83004281.4)

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**